UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WADE, | No. 2:13-cv-758 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OFFICE OF COMPTROLLER & CURRENCY, et al., | |
| Defendants. | |

Pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") May 3, 2013 motion to dismiss and defendant Office of Comptroller & Currency's ("OCC") June 18, 2013 motion to dismiss. The court has determined that the matters shall be submitted upon the record and briefs on file and accordingly, the date for hearing of these matters shall be vacated. E.D. Cal. R. 78-230. On review of the motions and documents filed in support and opposition, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.  Factual Allegations

Though the precise nature of plaintiff's complaint is unclear, it appears that he is dissatisfied with a 2011 settlement agreement entered into between numerous national banks, including Wells Fargo, and numerous state attorneys general with the OCC. Plaintiff claims that

1

1  the harm done by these banks to homeowners in connection with mortgage lending practices
2  likely exceeds the money that these banks paid into the settlement, and that therefore the
3  defendants should award him more money.[1]  Compl. at 1, 11-12, ECF No. 1.
4       Through this action, plaintiff seeks "to evaluate the harm done by Bank, Wells Fargo N.A.
5  associates, to place a value according to the list of causes of action against Plaintiff and placing a
6  measure of accountability squarely on Banks shoulders, as well as consideration for <u>HARM</u>
7  brought."  Compl. 8, ECF No. 1 (emphasis in original).  Plaintiff then summarily lists thirty-one
8  purported causes of action, including unlawful enrichment, loss of savings, "adversarial
9  hearings," "undue burdensome action upon a Senior Citizen," and "embarrassment to oneself,
10  family and friends."  <u>Id.</u> at 8-10.
11       Plaintiff asks this court to order defendants to produce discovery concerning their dealings
12  with federal agencies so that plaintiff may investigate the total harm caused by the banks to
13  individuals such as plaintiff.  Compl. 11-12, ECF No. 1.  Plaintiff also asks this court to order
14  defendants pay $420,000 to plaintiff "in order to punish defendants."  <u>Id.</u> at 12.  Lastly, plaintiff
15  asks that defendants be directed to cover his costs and attorney's fees if this matter goes to
16  arbitration for a settlement agreement between the parties.  <u>Id.</u>

17  B.    <u>Procedural History</u>
18       Plaintiff filed suit in this court on April 19, 2013.  On May 3, 2013, defendant Wells
19  Fargo filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to
20  state a claim.  ECF No. 5.  Plaintiff has filed an opposition to this motion.  ECF No. 16.

21
22  [1]    Plaintiff fails to allege how or why he has been affected by this settlement agreement.
   Defendant Wells Fargo provides clarification.  Documents accompanying its request for judicial
23  notice reflect that plaintiff took out a $477,000 home loan on August 22, 2006 from World
   Savings Bank, FSB, the predecessor-in-interest to Wells Fargo, and secured by real property
24  located at 14818 Grassland Road, Lodi, CA 95240-9462 ("the Subject Property").  Wells Fargo's
   Req. Judicial Notice ("RJN") Ex. A, ECF No. 6 at 5-23.  A Notice of Default was recorded
25  against the Subject Property on August 20, 2010, RJN Ex. E, ECF No. 6 at 33-35; and a Notice of
   Trustee's Sale was recorded on February 1, 2011, <u>id.</u> Ex. F, ECF No. 6 at 37.  The court can take
26  judicial notice of facts that are capable of accurate and ready determination by resort to sources
27  whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993).
28

1	On June 18, 2013, defendant OCC also filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim and pursuant to Rule 12(b)(5) for insufficient service of process. ECF No. 18. Plaintiff has not filed an opposition to this motion and the time for filing an opposition has now passed. See E.D. Cal. L.R. 230(c).

Also pending before the court are plaintiff's June 12, 2013 motion for intervention and June 25, 2013 motion re foreclosure. ECF Nos. 17, 21.

## DISCUSSION

A.	Failure to State a Claim

Both defendants move to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss pursuant to this rule is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

1       Having examined the complaint, the court agrees with both defendants that plaintiff fails
2   to provide sufficient facts that, accepted as true, would state a claim for relief.  While Federal
3   Rule of Civil Procedure 8 does not require detailed factual allegations in a pleading, it does
4   require more than unadorned "the defendant unlawfully harmed me" accusations.  Ashcroft v.
5   Iqbal, 556 U.S. 662, 678 (2009).  The complaint in this case falls well below Rule 8's standards.
6   While far from clear, it appears that plaintiff believes that Wells Fargo has harmed homeowners
7   in general, and that the money that Wells Fargo paid into a 2011 settlement agreement was
8   insufficient to compensate homeowners for all of the wrongdoing that Wells Fargo allegedly
9   committed.  Plaintiff's claim does not surpass the standard set in Iqbal of providing more than
10  "the defendant unlawfully harmed me" accusations.

11      In his opposition to Wells Fargo's motion to dismiss, plaintiff cites to Hebbe v. Pliler, 627
12  F.3d 338 (9th Cir. 2010), to argue that pro se litigants' complaints must be held to a less stringent
13  standard and must be liberally construed.  Yet even liberally construing the complaint, the
14  undersigned finds that plaintiff fails to allege any facts to state a claim to relief.  Accordingly, the
15  complaint must be dismissed.[2]  Plaintiff will, however, be granted leave to amend.

16      If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
17  grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must
18  demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal
19  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

20      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
21  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
22  complaint be complete in itself without reference to any prior pleading.  This is because, as a
23  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
24  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
25  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
26  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

[2] Because dismissal is warranted on this ground, the court declines to address the OCC's alternative argument for dismissal.

B.     <u>Miscellaneous Motions</u>

     1.     <u>Motion for Intervention</u>

On June 12, 2013, plaintiff filed a motion for intervention. Plaintiff claims that on June 5, 2013, he received an unknown visitor at the Subject Property. While the identity of the visitor and the nature of this visit are unclear, plaintiff seeks leave to serve a "duces tecum summons [for] all records pertaining to the action taken by opposing counsel and LOAN PROCESSING SERVICE." ECF No. 17 at 2. This motion will be denied for lack of clarity, and absence of a legal or factual basis.

     2.     <u>Motion re Foreclosure</u>

On June 25, 2013, plaintiff filed a motion seeking an order enjoining a proposed non-judicial foreclosure of the Subject Property. Plaintiff filed this motion after a notice of trustee's sale was posted on his front door on June 13, 2013. Plaintiff asserts this notice is in violation of the settlement agreement referenced in the complaint and a violation of the bankruptcy code because he claims that his debt has been discharged in bankruptcy. Attached to this motion are documents related to a Chapter 7 Bankruptcy filed by plaintiff in <u>In re Wade</u>, 11-bk-33935. ECF No. 21 at 5-6. These documents reflect that plaintiff was granted a discharge under section 727 of title II of the United States Bankruptcy Code on November 21, 2011, and that a final decree issued on December 15, 2011. <u>Id.</u> 7. On review, the court finds that plaintiff's motion, like the complaint, is factually sparse, conclusory, and confusing. The motion will therefore also be denied for absence of a legal or factual basis.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The July 17, 2013 hearing on defendants' motions to dismiss is vacated from calendar;
2. Plaintiff's June 12, 2013 (ECF No. 17) and June 25, 2013 (ECF No. 21) motions are denied;
3. Defendants' May 3, 2013 (ECF No. 5) and June 18, 2013 (ECF No. 18) motions to dismiss are granted;

    4. Plaintiff's complaint is dismissed[3]; and

    5. Plaintiff is granted leave to file an amended complaint within thirty days from the date of this order.

DATED: July 12, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/rm_mb/wade0758.mtd

---

[3] Because the granting of a motion to dismiss with leave to amend is not dispositive of the action, the undersigned issues an order in lieu of a Findings and Recommendations.