UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WADE, | No. 2:13-cv-758 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OFFICE OF COMPTROLLER & CURRENCY, et al., | |
| Defendants. | |

Pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") August 16, 2013 motion to dismiss the first amended complaint.[1] The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing shall be vacated. E.D. Cal. R. 78-230. On review of the motion and documents filed in support and opposition, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.  Factual Allegations

Plaintiff's first amended complaint is six pages long and fails to state any specific allegations as to defendant Wells Fargo, though plaintiff does accuse Wells Fargo of conducting

---

[1] Defendant Office of the Comptroller & Currency was dismissed from this case on August 30, 2013 following the submission of a stipulation of dismissal. See ECF Nos. 31-32.

1

"business as usual under the old ways" and of "disregard[ing] regulations."  First Am. Compl. ("FAC") 5.

Attached to the FAC are over 300 pages of exhibits.  While the court declines to wade through the hundreds of pages in search of facts that would support a claim, the court does take note of plaintiff's declaration attached to the FAC, in which he states that he sought a loan modification in April 2010 from defendant.  FAC, Ex. 2-P, ECF No. 24 at 16-17.  During the loan modification process, plaintiff received a notice of default in February 2011.  Id.  Subsequently, and in an attempt to save his home from foreclosure, plaintiff filed for Chapter 7 bankruptcy and received a discharge of debtor on December 15, 2011.  Id.

On review of the documents submitted by defendant with its request for judicial notice[2], it appears plaintiff obtained a home loan in the amount of $477,300.00 from World Savings Bank, FSB ("World Savings") on August 15, 2006.  Req. Judicial Notice ("RJN"), Ex. A.  The loan was secured by a deed of trust ("DOT") recorded against real property located at 14818 Grassland Rd., Lodi, California ("the Subject Property").  Id.  At the time, World Savings was a federal savings bank.  RJN, Ex. B.  On December 31, 2007, it was renamed Wachovia Mortgage, which later merged with and into Wells Fargo Bank, N.A.  RJN, Exs. C-D.

Plaintiff defaulted on his loan and a notice of default was recorded on August 20, 2010.  RJN, Ex. E.  When the default was not cured, a notice of sale was recorded on February 1, 2011.  RJN, Ex. F.

B.     Procedural History

Plaintiff filed suit in this court on April 19, 2013 and is proceeding on a first amended complaint filed July 31, 2013.  Plaintiff's original pleading was dismissed with leave to amend on grant of defendant's motion to dismiss for failure to state a claim.

On August 16, 2013, defendant Wells Fargo filed the instant motion to dismiss, again for failure to state a claim.  On September 11, 2013, plaintiff submitted a filing entitled "Entering Additional Evidence to Preponderance of Evidence Rule," which the court construes as an

---

[2] The court takes judicial notice of those documents referenced herein.  Fed. R. Evid. 201(b); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).

opposition to defendant's motion. Defendant's Reply brief suggests that plaintiff did prepare and serve an opposition dated August 30, 2013. See Def.'s Reply 1. The docket however does not reflect the filing of an opposition with the court.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

The court finds, as it did on review of plaintiff's original pleading, that plaintiff fails to provide sufficient facts that, accepted as true, would state a claim for relief. While Federal Rule of Civil Procedure 8 does not require detailed factual allegations in a pleading, it does require more than unadorned "the defendant unlawfully harmed me" accusations. Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009).  The FAC in this case falls well below Rule 8's standards.  While plaintiff's September 11, 2013 filing refers to his dissatisfaction with a non-judicial foreclosure of the Subject Property and with defendant's involvement in plaintiff's bankruptcy action, plaintiff's claims do not provide more than "the defendant unlawfully harmed me" accusations.  See id. Furthermore, while plaintiff cites to numerous statutes, these citations, without more, do not alert either this court or the defendant to the precise wrongful conduct that has aggrieved plaintiff.

Plaintiff will be granted one final attempt to amend his pleading.  Plaintiff is warned that the second amended complaint must include all allegations in the text of the pleading.  The court will not cobble together a claim from the exhibits where no claim is actually pled.  Furthermore, mere citation to statutes is insufficient to either state a claim or to satisfy the federal jurisdictional requirement.  Finally, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Accordingly, IT IS HEREBY ORDERED that:

1. The September 25, 2013 hearing on defendant's motions to dismiss is vacated;
2. Defendant's request for judicial notice is granted;
3. Defendant's August 16, 2013 motion to dismiss (ECF No. 26) is granted;
4. Plaintiff's FAC is dismissed[3]; and
5. Plaintiff is granted leave to file a second amended complaint within thirty days from the date of this order.

DATED: September 19, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb/wade0758.mtd2

---

[3] Because the granting of a motion to dismiss with leave to amend is not dispositive of the action, the undersigned issues an order in lieu of a Findings and Recommendations.